Funk, Respondent, vs. Woyak and others, Appellants.

*June 3—July 3, 1953.*

438

For the appellants there was a brief by *Graves & Casey* of Wisconsin Rapids, and oral argument by *R. B. Graves*.

For the respondent there was a brief by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell*.

GEHL, J.   The appeal presents issues of fact. The defendants contend that the court erred in not finding plaintiff negligent as a matter of law in attempting to pass the truck within the highway intersection, and that such negligence was at least as great as that of the truck driver.

We find nothing in the record which requires the conclusion that the jury should not have believed the story told by the plaintiff. She testified that at some distance east of the intersection she blew her horn preparatory to attempting to pass the truck, that when she made such attempt the driver increased his speed, and that because of such increased speed and the fact that another car was approaching from the op-

posite direction she was required to abandon her attempt to pass; that when the intersection was reached by the truck the driver stopped his vehicle in the intersection and at about the center line of the intersecting road, "way to the right of the road" running east and west; that she blew her horn and stopped; that when she stopped she was about six feet back of the truck and that to enable her to pass it she backed her car seven or eight feet and then proceeded forward; that when she got even with the truck the driver turned to the left and struck the right rear wheel of her car; that she was given no warning of the driver's intention to turn to the left; that her car headed for the ditch and turned over; and that the truck driver proceeded on without any apparent effort to aid her.

We do not consider that under the circumstances the provisions of sec. 85.16 (6), Stats., require that it be held as a matter of law that the plaintiff was guilty of negligence in attempting to pass the truck. The statute provides:

"It shall be unlawful for the operator of any vehicle to overtake and pass any other vehicle proceeding in the same direction at . . . an intersection of highways unless permitted to do so by a traffic officer or upon highways which are properly marked by traffic lanes."

It should be observed that the statute prohibits the passing of a vehicle *"proceeding"* in the same direction at an intersection. It cannot be said that if the jury believed the plaintiff, as they had the right to do, the truck was *"proceeding."* If the contention of defendant were to be sustained it might well be asked: "How long should a following car be required to stop in a traffic lane blocked by the preceding car before attempting to pass?" Certainly the statute does not contemplate that the driver of the following car must wait for an indefinite period before attempting to pass a vehicle stopped and blocking a lane of traffic.

It is true, of course, that the driver of the truck denied that he stopped his vehicle. But it was for the jury to determine which of the operators was telling the truth, and in the absence of any circumstances which would require us to hold that the plaintiff's story is not to be believed, we may not disturb its findings.

*By the Court.*—Judgment affirmed.